FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 26 2000

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELIXIR INT'L OF NEW MEXICO,

    Plaintiff,

v.      No. 99-493M

LAN CHILE, FRITZ COMPANIES,
INC., and MOTOR CARGO,

    Defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

This matter comes up on motions of Defendant Lan Chile to set aside a default judgment and to restrain Plaintiff from execution. With entry of the following findings of fact and conclusions of law, I deny both motions. I consider Defendant's conduct highly culpable and undertaken for the purpose of delay, to frustrate and preclude the Plaintiff's claim for loss of goods in transit. Although Defendant had legal counsel available, was properly served with a summons and complaint, and was informed of the consequences of a failure to respond, Defendant willfully ignored the case for nearly a year, and now by its motion offers no good reason to excuse its conduct or set aside the judgment.

### Findings of Fact

1. On April 30, 1999, a complaint was filed in this court naming Lan Chile, a foreign corporation, as a party defendant.

2. Plaintiff's allegations of loss arise from a contract between Plaintiff and Defendant for



the purchase of goods to be sent to the United States from Chili. Plaintiff's order was submitted to Defendant on May 5, 1998, from a FAX machine in New Mexico, and was confirmed to Plaintiff in New Mexico by a return FAX and a confirmation sent by mail. The goods ordered were to be exported from Chili for air delivery inside the United States, followed by a truck transport to El Paso, Texas, ultimately reaching the Plaintiff in New Mexico on or about May 15, 1998.

3. A substantial part of the shipment was completely destroyed by water. Plaintiff claims this is a "loss;" and Defendant maintains the goods not deliverable constitute "damage." Defendant has refused to compensate Plaintiff for the goods because (a) Defendant relies on a provision of the Warsaw Convention (which Plaintiff disputes) that requires "damage" be reported within seven days, and (b) Defendant insists Plaintiff failed to provide notice within seven days. Plaintiff states, on the other hand, that even if a limited time for notice applies, it is more than seven days and applies to claims of "damage," not to claims of a complete "loss."

4. Plaintiff states by affidavit that the goods were not placed at its disposal until May 21, 1998; and a claim was made to Defendant Lan Chili on June 3, 1998.

5. Defendant apparently does not dispute that the goods were destroyed, that Plaintiff lost a substantial amount of money, that a claim was made on June 3, or that Defendant is responsible for the condition of the goods when not received by Plaintiff in a usable condition. Defendant, however, by its own characterization of the controversy, has refused to process or consider Plaintiff's claim for the reason it found the claim untimely.

6. Not able to reach any resolution of the dispute, Plaintiff filed this lawsuit; and on or about May 28, 1999, Plaintiff sent Defendant Lan Chili a copy of the complaint and a formal

notice pursuant to Fed.R.Civ P. 4(d), asking Defendant to waive service of the summons. Defendant, however, did not reply.

7. Both Plaintiff and Defendant agree that on or about June 11, 1999, Plaintiff's counsel received a letter from a New Mexico attorney writing on behalf of Defendant Lan Chili asking for additional time to respond to Plaintiff. Contrary to Defendant's argument, this letter does not impose any obligation on Plaintiff or constitute an entry of appearance in the case, particularly since the attorney expressly stated he was not authorized to accept service on behalf of Defendant, afterwards did not file an appearance with the court, and default was not requested by the Plaintiff until seven or eight months later.

8. This letter and other exhibits filed in conjunction with the pending motion demonstrate that for several months both before and after being served, Defendant had access to and contact with legal counsel, but failed to direct an attorney to respond to the suit. The contents of the June 11 letter, with Defendant's refusal to authorize acceptance of service, also indicate a willingness on Defendant's part to delay Plaintiff's claim, even though it was over a year old at the time.

9. On or about August 2, 1999, Plaintiff personally served Defendant Lan Chili's authorized agent in Los Angeles, California, with a complaint and with a formal summons which included a statement that failure to respond would result in a judgment taken by default.

10. Without doubt, Defendant Lan Chili received actual notice of this lawsuit, but intentionally declined to respond. Defendant's failure to raise the Rule 12(b) defense of improper venue--which it raises by the pending motion--remains both inexplicable and unpardonable. Considering Defendant hired a New Mexico attorney to address the Plaintiff by letter in June,

3

Defendant's failure in August to have this attorney address the court with the presently asserted 12(b) argument is indefensible.

11. Defendant Lan Chili was fully informed of the consequences of a failure to respond to the complaint, but did nothing to protect its interests; and even though Defendant had legal counsel at the time and conferred with that counsel, Defendant failed to instruct counsel to respond to the case. Without excuse or justification, Defendant waited until this lawsuit had gone to default judgment and beyond before it acknowledged its existence.

12. This court properly exercises subject matter and personal jurisdiction over Defendant. Defendant's contacts with the United States are clearly sufficient to justify jurisdiction in a United States court; and Defendant has transacted business with Plaintiff in New Mexico.

13. After being served with process from this court, Defendant did nothing to contest personal jurisdiction or venue in a timely and appropriate manner.

14. Default judgment was entered against Defendant Lan Chili on February 9, 2000; and because the Warsaw Convention limits damages to the amount of Plaintiff's judgment, with the entry of the default judgment, Plaintiff dismissed other claims and other defendants to the action.

15. Plaintiff's counsel waited several months for Defendant Lan Chili to respond to the complaint and requesting a judgment by default was neither unreasonable nor inappropriate.

16. Although Defendant Lan Chili received a copy of the default judgment by certified mail on March 24, 2000, it did not file the present motion until May 24, and the present motion fails to demonstrate mistake, surprise, inadvertence or excusable neglect. By motion to set aside the judgment, Defendant states only that it failed to respond to the complaint because the complaint and the summons noticing a 30- day answer period were routed from one office to another,

4

with no one accepting responsibility for the case (and apparently no one making a simple inquiry as to its status). Defendant therefore presents by its motion only culpable actions exhibiting a complete indifference to this court's authority and an unreasonable attempt to avoid Plaintiff's claim.

17. Without any just cause or excuse, Defendant has waited nearly a year to respond to this case, and its unreasonable delay appears purposefully intended to subvert Plaintiff's claim by illegitimate means.

18. Setting aside the default judgment at this time would unfairly prejudice the Plaintiff because the claim would be susceptible to attack on the ground of a two-year statute of limitation; and Defendant's arguments in the present motion indicate Defendant intends to utilize this statute of limitation to block Plaintiff's claim. This, together with the nature of what Defendant puts forward as its meritorious defenses, renders Defendant's position disingenuous. Defendant does not actually suggest it will defend this case if allowed to answer; what it states in actuality is that (a) it will raise an issue of improper venue and request the case be dismissed (with the express assumption Plaintiff would be out of time to file it elsewhere), and (b) it would continue to rely on the untimeliness of Plaintiff's notice, and thereby avoid reimbursement.

19. It stands out as strangely ironic that Defendant--after failing for nearly a year to respond to this case--rests its "meritorious defense" on Plaintiff's failure to provide notice within a specified and limited time. Apparently, Defendant believes that by failure to act in a timely manner, Plaintiff should take nothing for its loss, but at the same time, Defendant believes that its own failure to act in a timely manner should be overlooked and excused.

20. Defendant's contention that, if allowed to answer, it has a meritorious defense is

5

suspect; and whether Defendant's claims are supported by fact or by law is highly questionable.

21. The first of Defendant's "meritorious defenses," its challenge to venue pursuant to Fed.R.Civ.P.12(b), is clearly and inexcusably out of time; and by its failure to raise venue at an appropriate point, Defendant Lan Chili has waived all objections to venue.

22. Further, Defendant's failure to raise a Rule 12 defense early in the case makes it appear Defendant purposefully withheld objections to venue and the exercise of jurisdiction in this district until the two-year statute of limitations would prevent Plaintiff from filing its case elsewhere.

23. Defendant Lan Chili's failure to respond is therefore reprehensible; and because Defendant exhibits both a purposeful attempt to frustrate Plaintiff's case and an utter disregard for judicial authority and procedure, Defendant's failure to acknowledge the existence of this lawsuit does not present a situation that should be overlooked as inadvertent or mistaken.

24. Reinstatement of the case at this time is likely to be prejudicial to the Plaintiff because the Plaintiff has dismissed other defendants, has been waiting two years without compensation for a loss Defendant does not deny, and may be limited in the future by a statute of limitations.

25. In the face of Defendant's flagrant abuse and delay, there is no good reason to set aside the judgment by default.

26. Rule 11 sanctions against Defendant's counsel are not supported by undisputed factual allegations and do not present contentions which require further hearing or determination.

## Conclusions of Law

1. "A defendant's conduct is culpable if he has received actual or constructive notice of

the filing of the action and failed to answer." Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.1987), stay denied 484 U.S. 951, cert. denied 484 U.S. 976 (1987).

2. This court has proper jurisdiction over the subject matter. Mertens v. Flying Tiger Line, Inc., 341 F.2d 851 (2d Cir.1965).

3. Jurisdiction over the person is properly exercised; in personam jurisdiction is justified and established by Defendant's contacts with the Plaintiff in New Mexico and by its conduct of business in the United States. Meadows v. Dominican Republic, supra at 523.

4. Defendant Lan Chili was properly served with a complaint and summons; and after in personam jurisdiction over the Defendant was determined to be present, a valid default judgment was entered.

5. Plaintiff brings its action at the place where the contract was made and the place of eventual destination of the goods that are subject of the contract; and venue in the District of New Mexico is supportable by the facts alleged. Mertens v. Flying Tiger Line, Inc., supra.

6. Plaintiff's choice of forum is governed by the law of the United States and not by the Warsaw Convention. Mertens v. Flying Tiger Line, Inc., supra at 855.

7. Fed.R.Civ.P.12(b) allows a defense of improper venue to be raised by motion so that objections which might cause a case to be dismissed are raised at the earliest possible time; and Rule 12 is intended to prevent "dilatory tactics, so long-deplored but nonetheless widely practiced." 5A Wright & Miller, Federal Practice and Procedure: Civil 2d, sec. 1342.

8. Certain defenses, including improper venue and lack of jurisdiction over the person, "must be consolidated and advanced early in the litigation, either by preliminary motion or by answer, at the risk of waiving those that are not asserted." Id.

9. Even if venue is not proper in the District of New Mexico, Defendant has waived defects in venue by failing to assert venue in a timely manner. Williams v. Life Savings and Loan, 802 F.2d 1200, 1202 (10th Cir.1986).

10. A default judgment has been validly entered in this case and cannot be attacked collaterally for improper venue. Id.

11. Defendant clearly does business in the United States as a foreign corporation, can be sued in a United States court, and was properly served with process in this case within the United States. Any question pertaining to whether personal jurisdiction is appropriately exercised in this federal district, as opposed to some other, has been waived by Defendant's willful failure to file a timely response pursuant to Rule 12(b). Id.

12. A letter to Plaintiff's counsel dated June 11, 1999, from an attorney stated to be writing on behalf of Defendant Lan Chili does not constitute an entry of appearance in this case for any purpose, particularly since the attorney refused to accept service on behalf of Defendant. The letter dated June 11 imposes no additional duty on Plaintiff pursuant to the Rules of Civil Procedure, and after service of the summons and complaint, Plaintiff was not required to give additional notice of a potential default judgment pursuant to Fed.R.Civ.P. 55(b)(2).

13. Because Defendant has failed to demonstrate excusable neglect, it is precluded from relying on the existence of a meritorious defense as a basis for setting aside the default judgment. Meadows v. Dominican Republic, supra at 523.

14. Defendant's claim that Plaintiff is barred from any recovery for its loss because Plaintiff failed to file a notice with Defendant within the seven days llowed for notice by the

Warsaw Convention raises issues of unconscionableness, among others, and does not constitute a meritorious defense.

15. The default judgment entered conforms to the limitation of liability set by the Warsaw Convention. See: Mertens v. Flying Tiger Line, Inc., supra at 855.

16. Setting aside the default judgment would be prejudicial to the Plaintiff because Defendant's delay has purposefully moved the case to where it could be precluded by a statute of limitation.

17. The default judgment entered on February 9, 2000, is valid and proper; by its motion to set aside the default judgment, Defendant present no just basis or good cause and the interests of justice require the judgment stand.

18. Defendant's default was intentional, culpable and inexcusable; and pursuant to Fed.R.Civ.P. 60(b)(1), denial of the motion to set aside the default is fully warranted.

19. Rule 11 sanctions are not justified.

NOW, THEREFORE, IT IS ORDERED that Defendant Lan Chili's Motion to Set Aside Default Judgment and Allow Defendant to Answer is denied;

IT IS ORDERED that Defendant Lan Chili's Motion to Restrain/Enjoin Plaintiff from Execution on Default Judgment is denied; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Rule 11 Sanctions is also denied.

_____
SENIOR UNITED STATES JUDGE